UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ZEBELEDE GARRISON, DC#B12696,

      Plaintiff,

vs.                                   CASE 2:20-cv-00132-SPC-NPM

SGT. J. FOSTER,

      Defendant.

_____/

### DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW

COMES NOW, Defendant, Sgt. James Foster (hereinafter "Defendant"), by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 12(b)(6), files this Motion to Dismiss Plaintiff's Amended Complaint and Memorandum of Law. As grounds therefore, the Defendant states as follows:

1. Plaintiff Zebelede Garrision (DC #B12696) ("Plaintiff"), *pro se*, is in the custody of the Florida Department of Corrections ("FDC"), currently incarcerated at Charlotte Correctional Institution.

2. On February 27, 2020, Plaintiff filed his Complaint for Violation of Civil Rights. [Doc. 1].

3. Defendant hereby moves this Honorable Court for dismissal of Plaintiff's Complaint based upon the following grounds:

      A.  Failure to state a proper claim for injunctive relief

      B.  Failure to state a proper claim for damages

      C.  Immunities Bar Plaintiff's Claims

4. Defendant submits the Memorandum of Law below in support of this motion.

**WHEREFORE** Defendant Sgt. James Foster respectfully requests this Honorable Court dismiss Plaintiff's Complaint and grant any such other relief as this Court deems appropriate under the circumstances.

## MEMORANDUM OF LAW

### I.   Plaintiff's Allegations

Plaintiff Zebelede Garrison is an inmate in the custody of the Department of Corrections. At the time of the alleged incident that is the subject of this suit, Plaintiff was housed in the Close Management Unit at the Charlotte Correctional Institution. [Doc. 1 at 6]. Plaintiff's Complaint alleges constitutional violations pursuant to 42 U.S.C. 1983 and seeks monetary damages against Defendant Sgt. James Foster. [Doc. 1]. Plaintiff states that he was "violated and assaulted by defendant while in hand restraints." [Doc. 1 at 4].

In his Complaint, Plaintiff alleges that on November 18, 2019, Defendant Sgt. James Foster physically assaulted him "for talking to other inmates." [Doc. 1 at 13]. Plaintiff claims he was receiving a shave and haircut inside an institutional conference room when Defendant grabbed him out of the chair he was sitting in, slammed him on his face, elbowed him in the jaw, and bent back his right index and middle fingers. [Doc. 1 at 13-14]. Plaintiff purports he heard someone call him by name and was looking around to see who it was when defendant "grab the plaintiff by the head and forced the plaintiff head straight." [Doc. 1 at 13].  Plaintiff alleges he was already in hand restraints. *Id.*

Plaintiff also alleges Defendant "tried to puncture a hole" in his Adam's Apple and cut air flow threw his lungs which caused him to struggle to breathe. [Doc. 1 at 14]. After "about 5 minutes to 10 minutes, Plaintiff was pulled up from the grounds(sic)." *Id.* Plaintiff's Complaint

states he was taken to medical and reported all of his injuries. *Id.*  Plaintiff alleges he did not receive proper medical attention. [Doc. 1 at 5].   Plaintiff lists the following injuries: " swollen right black eye and Plaintiff fingers was swoll(sic) and pulled out of it's(sic) socket…. Plaintiff has severe back pains, neck area bruises, and cuts." [Doc. 1 at 14].

Plaintiff seeks the following relief: enter judgment granting Plaintiff a preliminary and permanent injunction in the amount of $57,999.97 in compensatory damages against Defendant, punitive damages in the amount of $58,999.98 against Defendant.  [Doc. 1 at 5].

## II.   Standard for Motion to Dismiss

In reviewing a motion to dismiss, the court must accept all allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008)). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc*., 540 F. 3d 1270, 1274 (11th Cir. 2008)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007)).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

 "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 663. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts" will not survive a motion to dismiss. *Oxford Asset Mgt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

### III.     Grounds for Dismissal

#### *A. Failure to state a proper claim for injunctive relief*

Plaintiff's Complaint contains an improper request for injunctive relief. Specifically, Plaintiff demands a "preliminary and permanent injunction ordering Defendant Sgt. J. Foster to pay compensatory damages in the amount of $57,999.97 against Defendant, punitive damages in the amount of $58,999.98 against Defendant." [Doc. 1 at 6].

For injunctive relief, the plaintiff must demonstrate a substantial likelihood of irreparable injury, which is "neither remote nor speculative, but actual and imminent." *Siegel v. LePore*, 234 F.3d 1163, 1176-77 (11th Cir. 2000).  An injunction should be granted only upon a showing of the following criteria: (1) a clear legal right to the relief requested; (2) that there is an inadequate remedy at law; and, (3) that irreparable harm which will occur absent injunctive relief. See *Liberty Counsel v. Florida Bar Bd. of Governors*, 12 So. 3d 183 (Fla. 2009).

In this action, Plaintiff seeks injunctive relief asking the Court for a "preliminary and permanent injunction ordering Defendant Sgt. J. Foster to pay compensatory damages in the amount of $57,999.97 against Defendant, punitive damages in the amount of $58,999.98 against Defendant." [Doc. 1 at 6].  This relief is improper as an injunction is an order commanding or preventing an action, and not an order awarding damages. *Black's Law Dictionary,* Injunction (10th ed. 2014). Plaintiff fails to allege any facts which demonstrate an immediate controversy that warrants injunctive relief, nor does the he allege he suffers any real and continuing threat of imminent injury. Wherefore, Plaintiff's claim for injunctive relief against Defendant for $57,999.97 in compensatory damages and punitive damages in the amount of $58,999.98 against Defendant" should be dismissed.

### *B.  Failure to state a proper claim for damages*

If this Court finds that Plaintiff states a proper claim for excessive use of force, Plaintiff has suffered nothing more than a *de minimis* injury which limits him to the recovery of nominal damages only. The Prison Litigation Reform Act ("PLRA") requires a prisoner to demonstrate that he suffered more than a *de minimis* injury in order to seek punitive or compensatory damages. *See* 42 U.S.C. §1997e(e); *Al–Amin v. Smith,* 637 F.3d 1192, 1198 (11th Cir.2011); *Harris v. Garner,* 216 F.3d 970, 979–80 (11th Cir. 2000).

Plaintiff fails to allege more than a *de minimis* injury to support a claim for damages under 1997e(e). Thus, where an inmate alleges a constitutional violation with only a *de minimis* physical injury, the plaintiff would be limited only to the recovery of nominal damages. *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003). The physical injury requirement applies to all federal claims, including constitutional claims. *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000). *See Slicker v. Jackson*, 215 F.3d 1225, 1229 (11th Cir. 2000)("compensatory damages under § 1983 may be awarded only based on *actual injuries* caused by the defendant").

To the extent that Plaintiff demands punitive damages, such damages are available in Section 1983 actions only when a defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to federally-protected rights. *Kolstad v. American Dental Association*, 527 U.S. 526, 536 (1999)(citations omitted). Plaintiff's allegations fail to demonstrate evil motive or intent, as opposed to imposition of discipline required by the duties of correctional officers.  The allegations fail to show any reckless or callous indifference; therefore, Plaintiff is not entitled to punitive damages, and this claim must be dismissed.

The Eleventh Circuit has repeatedly held that a push or shove that causes pain and necessitates no, or merely minor, medical treatment is not a constitutional violation, even where

the prisoner was restrained and no further force was necessary. See, e.g., Jones v. City of Dothan, 121 F.3d 1456, 1460–61 (11th Cir. 1997); Post v. City of Fort Lauderdale, 7 F.3d 1552, 1556 (11th Cir. 1993), modified, 14 F.3d 583 (11th Cir. 1994). Furthermore, a conclusory allegation that the prisoner suffered serious injury should be discounted, and the absence of further evidence of injury justifies the conclusion that the use of force on the prisoner was minimal. Brown v. Smith, 813 F.2d 1187 (11th Cir. 1987); Bennett v. Parker, 898 F.2d 1530, 1533 (11th Cir. 1990).

Here under our case law, the injuries that Plaintiff complains of – including the vague injuries of a neck area bruising and back pain, a swollen black eye, swollen fingers – are transitory conditions that amount to *de minimis* physical injuries. Wherefore, Plaintiff's recovery for damages against Defendant should be limited to nominal damages only.

### *C. Immunities Bar Plaintiff's Claims*

**1. Qualified Immunity**

To the extent that Plaintiff sues Defendant for civil damages in an individual capacity, such claims are barred by the doctrine of qualified immunity. *See Riley v. Newton*, 94 F.3d 632, 637 (11th Cir.1996); *Rivas v. Freeman*, 940 F.2d 1491, 1494-1495 (11th Cir. 1991). Qualified immunity shields governmental officials performing discretionary functions from civil liability as long as their conduct violates no "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct.2727, 73 L.Ed.2d 396 (1982). The doctrine of qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). A two-part test determines qualified immunity claims: "whether the plaintiff's allegations show a constitutional violation and whether the right at issue was clearly established at the time of the alleged misconduct." *O'Hern v. Bortone*, 2012

WL 4513759, *3 (M.D. Fla. 2012).

Plaintiff's claims are vague and conclusory, and Plaintiff offers no sufficient allegations of fact to suggest Defendant acted outside the scope of his employment with the Florida Department of Corrections or outside of the scope of his discretionary authority and routine job duties. Plaintiff fails to allege any malicious or willful conduct on part of the Defendant that violated Plaintiff's constitutional rights of which any reasonable corrections employee should have known. Plaintiff's allegations are insufficient to permit suit against Defendant in an individual capacity and therefore should be dismissed.

### 2. Eleventh Amendment Immunity

To the extent that Plaintiff sues Defendant for actions committed in his official capacity as an employee with the Department of Corrections, dismissal of Plaintiff's claims are warranted because the State of Florida is immune pursuant to the Eleventh Amendment of the U.S. Constitution. The Eleventh Amendment states as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.

Under the Eleventh Amendment, a state is protected from being sued in federal court without the state's consent. *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003); *Williams v. Dist. Bd. of Trustees of Edison Comm. College*, 421 F.3d 1190, 1192 (11th Cir. 2005); *Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dept. of Health & Rehab. Servs.*, 225 F.3d 1208, 1219 (11th Cir. 2000). Absent its consent, a state may not be sued in federal court unless Congress has clearly and unequivocally abrogated the state's Eleventh Amendment immunity. *DeKalb County School District v. Schrenko*, 109 F.3d 680, 688 (11th Cir. 1997)(citing

*Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984)). Suits brought against a state in federal court without an explicit abrogation of Eleventh Amendment immunity should be dismissed. *Gamble v. Fla. Dept. of Health & Rehab. Servs.,* 779 F.2d 1509, 1513-16 (11th Cir. 1986).

The State of Florida has not waived its immunity from suits based upon constitutional civil rights violations in federal courts. *Id.* at 1511-1518. Because the State of Florida has not waived its Eleventh Amendment immunity, Plaintiff's claims against the Defendant for any actions committed in his official capacity are barred.

## CONCLUSION

**WHEREFORE,** based upon the foregoing arguments, Defendant requests that this Honorable Court grant the Motion, dismiss Plaintiff's Complaint and grant such other relief as the Court deems appropriate.

Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**

/s/ Samantha-Josephine Baker
Samantha-Josephine Baker
Assistant Attorney General
Florida Bar No. 0105714
Office of the Attorney General
501 E. Kennedy Blvd., Suite 1100
Tampa, FL 33602-5242
Tel:  813-233-2800
Fax: 813-233-2886
Samantha.Baker@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 21, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to those

persons capable of receiving such notice of electronic filing.  I further certify that a copy of the foregoing was sent by U.S. Mail to Plaintiff, *pro se*, Zebelede Garrison, DC# B12696, Charlotte Correctional Institution, 33123 Oil Well Road, Punta Gorda, Florida 33955-9701.

/s/ Samantha-Josephine Baker
Samantha-Josephine Baker
Assistant Attorney General