# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

ZEBELEDE GARRISON,

      Plaintiff,

v.                        Case No: 2:20-cv-132-SPC-NPM

JAMES FOSTER,

      Defendant.

_____/

## OPINION AND ORDER[1]

Before the Court is Defendant James Foster's Motion to Dismiss Plaintiff's Complaint (Doc. 20) and Plaintiff Zebelede Garrison's Response (Doc. 23).

## BACKGROUND

Garrison, a prisoner at Charlotte Correctional Institution, sues Foster, a correction officer, for unnecessary force under the Eighth Amendment of the United States Constitution. The Court recounts the factual background as pled in Garrison's Complaint, which it must take as true to decide whether the

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Complaint states a plausible claim.  *See Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

On November 18, 2019, Garrison was receiving a shave and haircut. Someone called Garrison's name, and Garrison looked around to see who it was.  Foster forced Garrison's head straight, and Garrison asked, "what is you doing?" (Doc. 1 at 13).  Foster then slammed Garrison—who was in hand restraints—onto the ground and elbowed Garrison in the jaw.  While Garrison was on the ground, Foster bent his right index and middle fingers back until they were out of their sockets.  Garrison also claims Foster ordered Garrison "to tell everyone inside the wing to shut the fuck up or he was going to kill [Garrison] as he tried to puncture a hole in [Garrison's] Adam's apple" and impaired Garrison's ability to breathe. (Doc. 1 at 14).  After 5 or 10 minutes, Garrison was pulled up from the ground.  He then went to medical and reported his injuries, which included a swollen and black right eye, swollen and dislocated fingers, back and neck pain, and bruises and cuts.

Garrison seeks an injunction ordering Foster to pay compensatory and punitive damages.  Foster moves to dismiss the Complaint for failure to state a claim for injunctive relief and damages, and he raises qualified immunity and Eleventh Amendment immunity.

**LEGAL STANDARD**

When considering a motion to dismiss under Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point – a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Garrison files his Complaint under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In

addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

## DISCUSSION

### A. Failure to State a Claim

Foster argues Garrison's claim fails under the Prison Litigation Reform Act (PLRA), which requires prisoner-plaintiffs to show a physical injury or commission of a sexual act before recovering for mental or emotional injury. 42 U.S.C. § 1997e(e). To avoid this bar on recovery, "a prisoner's alleged physical injury must be more than *de minimis*, but need not be significant." *Furman v. Warden*, 827 F. App'x 927, 933 (11th Cir. 2020) (internal citations and quotations marks omitted). The Eleventh Circuit adopted the *de minimis* standard "in light of the PLRA's 'essential purpose'—'to curtail frivolous and abusive prisoner litigation'—and of 'our basic understanding that routine discomfort is part of the penalty that criminal offenders pay for their offenses against society.'" *Id.* (quoting *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999)). Foster asserts that Garrison's alleged injuries are *de minimis*. The Court disagrees.

"[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Injuries that reflect "no more than the kind of 'routine discomfort' associated with

incarceration fail to satisfy the *de minimis* threshold." *Furman*, 827 F. App'x at 933). Injuries that exceed the threshold "go beyond 'routine discomfort' and often include injuries requiring medical attention or resulting in permanent injury." *Id.* In *Hudson*, a prisoner sought compensatory damages after two officers repeatedly punched and kicked him while he was in handcuffs and shackles. *Hudson*, 503 U.S. at 4. The Supreme Court found that the resulting injuries—bruises, swelling, loosened teeth, and a cracked dental plate—were not *de minimis*. *Id.* at 10. Garrison's alleged injuries—a black and swollen eye, swollen and dislocated fingers, neck and back pain, and bruises and cuts— are similar to Hudson's. These injuries exceed the routine discomfort associated with incarceration and thus are not merely *de minimis*. Thus, the PLRA does not bar Garrison's request for damages.

Foster also challenges Garrison's request for injunctive relief. Equitable relief—like an injunction—is unavailable when there is an adequate legal remedy—like monetary damages. *Rosen v. Cascade Intern'l, Inc.*, 21 F.3d 1520 (11th Cir. 1994). Garrison does not request true injunctive relief. Rather, he seeks, "a preliminary and permanent injunction ordering defendant Sgt. J. Foster to pay" compensatory and punitive damages. (Doc. 1 at 5). Requesting monetary damages in the form on injunctive relief is untenable. Thus, reading the Complaint liberally, the Court interprets Garrison's prayer for relief as one for money damages, not an injunction.

**B. Qualified Immunity**

"Qualified immunity protects government officials from individual liability unless they violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Snorton v. Owens*, 808 F. App'x 814, 820 (11th Cir. 2020).  An official invoking qualified immunity must first show he was acting within the scope of his discretionary authority. The burden then shifts to the plaintiff to show: (1) the official violated a federal statutory or constitutional right; and (2) the unlawfulness of the official's conduct was clearly established at the time of the alleged violation.  *Id.* at 820-21.

Garrison claims Foster used excessive force in violation of the Eighth Amendment.  The Eighth Circuit prohibits prison officials from "the unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal citation and quotation marks omitted).  The core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id* at 320.

Garrison pleads that Foster slammed him to the ground, elbowed him in the jaw, bent two fingers out of their sockets, choked him, and threatened to kill him, all prompted by an innocuous question Garrison asked while in hand restraints.  Making all reasonable inferences in Garrison's favor, the Court finds that these allegations plausibly show a violation of Garrison's Eighth

Amendment rights.  And the unlawfulness of the alleged conduct was clearly established by Supreme Court precedent.  *See Wilkins v. Gaddy*, 559 U.S. 34, 38-39 (2010) (allegations that a correction official "punched, kicked, kneed, choked, and body slammed" the plaintiff supported an Eighth Amendment excessive-force claim).  At this point in the case, the Court does not find that qualified immunity protects Foster from this suit.

### C. Eleventh Amendment Immunity

The Eleventh Amendment protects a state from being sued by its citizens in federal court. *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003).  Foster raises Eleventh Amendment sovereign immunity to the extent Garrison sues Foster in his official capacity.

The Complaint does not explicitly state whether Garrison sues Foster in his individual or official capacity.  In such cases, "courts must look to 'the course of the proceedings' which will 'typically indicate the nature of the liability sought to be imposed.'" *Hobbs v. Roberts*, 999 F.2d 1526, 1528 (11th Cir. 1993) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)).  "[T]he question is whether the plaintiff is reasonably seeking relief from the state coffers or from the individual's assets." *Gamble v. Fla. Dep't of Health and Rehab. Servs.*, 779 F.2d 1509, 1518 (11th Cir. 1986).

Garrison's prayer for relief clarifies that he sues Foster in his individual capacity only.  He specifically requests that Foster pay compensatory and

punitive damages, and he requests no relief from state coffers.  Thus, Foster is not protected by Eleventh Amendment immunity.

Accordingly, it is now

**ORDERED:**

Defendant James Foster's Motion to Dismiss Plaintiff's Complaint (Doc. 20) is **DENIED**.  Foster must answer the Complaint on or before **March 23, 2021**.

**DONE** and **ORDERED** in Fort Myers, Florida on March 10, 2021.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

SA: FTMP-1
Copies:  All Parties of Record